In re Daniel F. HAWKINS, Debtor.

Daniel F. HAWKINS, Plaintiff,

v.

MAJOR ELECTRIC & SUPPLY, INC., Herbert Katz, Esq., Defendants.

Bankruptcy No. 92–11418.
Adv. No. 93–1078.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 1, 1994.

Christopher Lefebvre, Pawtucket, RI, for debtor.

David Schechter, Providence, RI, for Major Elec. & Supply, Inc.

George M. Prescott, Lincoln, RI, for Herbert Katz.

### ORDER IMPOSING SANCTIONS FOR CAUSING UNNECESSARY LITIGATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On November 23, 1993, this Court was required to conduct a hearing to determine why an overdue stipulation or consent order settling the captioned adversary proceeding[1] had not been filed, as promised. At the hearing, it became obvious that the reason for the failure of the parties to file the promised settlement stipulation turned on diametrically opposed factual differences between David Schechter, Esq., counsel for Major Electric & Supply, Inc., and Christopher Lefebvre, Esq. and George Prescott, Esq., attorneys for the Debtor and Herbert Katz, respectively, presenting a major credibility issue. We have reviewed the arguments and the proffered documentary evidence and considered the sworn testimony, and make the following findings, conclusions and rulings:

Where conflicting versions of what transpired are presented, all factual differences are resolved against Mr. Schechter, and we find his conduct to be the cause of the failure to conclude this matter by stipulation.[2] His excuse for not delivering the settlement funds, or in communicating his reason for not doing so, is rejected as insufficient and unconvincing. This conclusion is based upon Mr. Schechter's failure to respond to counsels' telephone calls and correspondence, which we regard as inexcusable interference with the conclusion of this matter without Court intervention and a hearing. Mr. Schechter's claim that his busy court schedule prevents him from answering letters or returning phone calls is not acceptable, and does not excuse him from attending to such mundane obligations, as the one he chose to neglect here. The Court's notice of hearing was mailed on November 9, 1993, so Mr. Schechter had until November 22, 1993 to finalize the matter with opposing counsel. Instead, he ignored both Prescott's and Lefebvre's attempts, through letters and telephone calls, to complete the paperwork. His cavalier disregard for both the Court and his colleagues' time is inexcusable and requires the imposition of sanctions, to remind counsel that his personal schedule is not the only one that matters.

Accordingly, David A. Schechter, Esq., is ORDERED to pay Messrs. Prescott and Lefebvre $200 each, within ten days of this Order, for their preparation time and attending the hearing on November 23, 1993, which should have been unnecessary. This monetary sanction, although nominal, is coupled with the admonition that in future appearances here, Mr. Schechter show appropriate consideration of his colleagues, the litigants, and the Court.

Enter Judgment consistent with this opinion.

---

1. The Court was informed on October 15, and again on October 27, 1993, that the matter had been settled and that an appropriate order or stipulation would be filed. Nothing was filed and on November 9, 1993, an Order to Show Cause was scheduled for hearing.

2. Mr. Schechter received authority from his client to settle the Debtor's claim for $600 on September 22, 1993, and it thereupon became the obligation of all counsel, on request, to assist the Court to get this matter off its books within a reasonable time. Messrs. Lefebvre and Prescott both fulfilled their responsibilities. Mr. Schechter, on the other hand, ignored and frustrated the efforts of all concerned, requiring the hearing which is the subject of this order.